FILED'08 JUN 25 13:52 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DUSTY B. JOHNSON,

        Petitioner,        Civil No. 07-1642-CL

        v.        REPORT AND
                RECOMMENDATION

GUY HALL,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, filed a Petition under 28 U.S.C. § 2254 challenging his March 6, 2003, convictions on two counts of Sexual Abuse in the First Degree.

    Respondent moves to dismiss this proceeding on the ground that petitioner did not file his petition with the one year statute of limitations. Response (#7).

    Under § 2244(d), a petitioner has one year from the date a direct appeal is final to file a petition under 28 U.S.C. § 2254. The one year limitations period is tolled during the

1 - REPORT AND RECOMMENDATION

time a state collateral proceeding is pending. Time elapsed after finality and before collateral filing, and time after the final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

In this case, petitioner did not appeal his convictions. However, pursuant to ORS 19.255(1), he had 30 days from the entry of the judgment to do so. Therefore, 30 days is added to the date of the trial court judgment.

Thus, petitioner had one year from April 5, 2003, excluding any time during which a state post-conviction case or other collateral proceeding was pending, to file a federal habeas corpus petition.

Petitioner signed a petition for post-conviction relief on January 7, 2005, Respondent's Answer (#8) Exhibit 103, but the court denied relief. Id., Exhibit 104.

The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.. The appellate judgment issued on September 19, 2007. Respondent's Answer (#8), Exhibit 105.

Between April 5, 2003, the date of the final judgment in petitioner's criminal proceeding, and January 7, 2005, the date on which petitioner signed the original petition for post-conviction relief, 643 days accrued. Between September 19, 2007, the date on which the post-conviction relief appellate judgment was issued, and October 31, 2007, the date

2 - REPORT AND RECOMMENDATION

on which petitioner signed the petition in the instant proceeding, 42 days accrued. In sum, a total of 685 "countable" days elapsed between petitioner's final judgment of conviction and the date he filed his federal petition for writ of habeas corpus, exceeding the 365 days limit of 28 U.S.C. § 2244(d).

Under some circumstances, the limitations period may be waived under the doctrine of Equitable tolling. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). In order to establish entitlement to tolling of the § 2254(d)(1) limitations period, a petitioner must demonstrate that extraordinary circumstances beyond the prisoner's control made it impossible to file the petition on time. Allen v. Lewis, 255 F.3d 798, 799 (9th Cir. 2001); see also, Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

Petitioner in this proceeding has not alleged any extraordinary circumstances that would establish that circumstances beyond his control made it impossible to file the petition within the limitations period.

Based on the foregoing, I find that petitioner's failed to file his federal habeas petition within the applicable statute of limitations. Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 25 day of June, 2008.

_____
Mark D. Clarke
United States Magistrate Judge

4 - REPORT AND RECOMMENDATION